Michael S. Kun (SBN 208684)
Kevin D. Sullivan (SBN 270343)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone:  (310) 556-8861
Facsimile:  (310)-553-2165
mkun@ebglaw.com
ksullivan@ebglaw.com

Attorneys for Defendant
AVALONBAY COMMUNITIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DECK,<br><br>               Plaintiff,<br><br>           v.<br><br>AVALONBAY COMMUNITIES, INC.<br>and DOES 1 to 25, inclusive,<br><br>              Defendants. | Case No.: 2:22-cv-04247<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332 AND § 1441(a)** |

- 1 -
NOTICE OF REMOVAL

FIRM:56372239v1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant AvalonBay Communities, Inc. ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332 and § 1441(a), based on diversity jurisdiction, in order to effect the removal of the above-captioned action from the Superior Court of the State of California for the County of Los Angeles, and states that removal is proper for the following reasons:

## I.   PLEADINGS, PROCESS AND ORDERS

1.    On or about December 29, 2021, Plaintiff Jason Deck ("Plaintiff") commenced the above-entitled action in the Superior Court for the County of Los Angeles by filing a Complaint for Damages ("Complaint"). The Complaint purports to state causes of action for failure to compensate for all hours worked, failure to pay minimum wages, failure to pay overtime, failure to provide accurate itemized wage statements, failure to pay wages when employment ends, failure to pay wages owed every pay period, violation of Labor Code section 558, failure to maintain accurate records, failure to give rest breaks, failure to give meal breaks, Private Attorneys General Act ("PAGA"), failure to reimburse for business expenses, retaliation in violation of California Labor Code section 1102.5, wrongful termination in violation of public policy, failure to provide personnel file, failure to provide pay records, and violation of California Business and Professions Code section 17200.

2.    On or about May 23, 2022, Defendant was served with a copy of the Summons, Complaint and related papers.  True and correct copies of the Summons and Complaint and related papers that were served on Defendant are attached to this Notice of Removal as Exhibit A and incorporated herein by reference.

3.    On June 21, 2022, Defendant filed its Answer.  A true and correct copy of the Answer is attached hereto as Exhibit B.

- 2 -
NOTICE OF REMOVAL

FIRM:56372239v1

4.     The above documents constitute all pleadings, process and orders served on or by Defendant in the state court action and are attached in accordance with 28 U.S.C. § 1446(a).

## II.   BASIS FOR REMOVAL

5.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.   Citizenship

6.     Plaintiff has alleged that he is a resident of California.  Compl., ¶ 2. According to Plaintiff's personnel records, it appears Plaintiff has lived and worked in California since at least 2003, evidencing an intention to remain in the state indefinitely.  Robertazzi Decl., ¶ 4.  Plaintiff, therefore, is, and at all times since the commencement of this action has been, a citizen of the State of California.

7.     Defendant is now, and during at all relevant times has been, incorporated under the laws of the State of Maryland. AvalonBay's headquarters are located in Arlington, Virginia.  Robertazzi Decl., ¶ 2.  With the exception of one executive officer in Connecticut and one in Massachusetts, AvalonBay's executive officers work from its headquarters in Virginia and direct, control and coordinate AvalonBay's activities from the headquarters in Virginia.  *Id.* at ¶ 3.  Therefore, AvalonBay is a citizen of the States of Maryland and Virginia pursuant to the Supreme Court' holding in *The Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1192 (2010).

### B.   Doe Defendants

8.     The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal.  28 U.S.C. § 1441(a) ("For purposes of removal under

- 3 -
NOTICE OF REMOVAL

this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

9.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 25, inclusive, does not deprive this Court of jurisdiction.

**C.     <u>Amount In Controversy</u>**

10.     Plaintiff's Complaint does not specify the total amount in controversy. The omission in the Complaint of a specified amount in controversy does not deprive this Court of jurisdiction; rather "in cases where a plaintiff's state court complaint does not specify a particular amount of damages," it is the removing defendant's burden to merely establish, "by a preponderance of the evidence," that the amount in controversy exceeds $75,000 – specifically, that there is enough "evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendant has met that burden here.

11.     In determining whether a complaint meets the $75,000.00 amount in controversy threshold of U.S.C. § 1332(a), a court should consider the aggregate of the claims and the value of the claims. *Stainbrook v. Target Corp.*, No. 2:16-CV-00090-ODW, 2016 WL 3248665, at *3 (C.D. Cal. June 8, 2016) ("This Court finds that when aggregating all of the damages that Plaintiff seeks, the amount in controversy exceeds the jurisdictional minimum of $75,000."); *see also Goldberg v. C.P.C. International, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts).

12.     The Ninth Circuit has stressed that "[t]e amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of

- 4 -

NOTICE OF REMOVAL

1  defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th
2  Cir. 2010).

3       13.    Plaintiff's alleged damages, if proven, exceed the $75,000
4  jurisdictional limit, exclusive of costs and interest.  Plaintiff asserts claims for, *inter*
5  *alia*, failure to compensate for all hours worked, failure to pay minimum wages,
6  failure to pay overtime, failure to provide accurate itemized wage statements, failure
7  to pay wages when employment ends, failure to pay wages owed every pay period,
8  violation of Labor Code section 558, failure to maintain accurate records, failure to
9  give rest breaks, failure to give meal breaks, Private Attorneys General Act
10  ("PAGA"), failure to reimburse for business expenses, retaliation in violation of
11  Labor Code section 1102.5, wrongful termination in violation of public policy,
12  failure to provide personnel file, failure to provide pay records, and violation of
13  California Business and Professions Code section 17200.  Plaintiff seeks general
14  and compensatory damages for lost wages, penalties, back pay, front pay, lost job
15  benefits, humiliation, mental and emotional distress, punitive damages, and
16  attorneys' fees. Compl., ¶¶ 28, 29, 35, 36, 47, 48, 53, 54, 60–62, 67, 68, 72, 73, 78,
17  79, 83–85, 89–91, 101–104, 108, 114, 120, 121, 126, 130, 131, 135, Prayer.

18       **1.    <u>Lost Wages</u>.**

19       14.    When assessing the amount in controversy, "[c]ourts may separate
20  wages into two categories: 'past wages—i.e., lost wages between the date of
21  Plaintiff's termination and the date of removal—and future wages—i.e., lost wages
22  between the date of removal and trial." *Baghdasarian v. Macy's, Inc.*, No. 2:21-
23  CV-04153-AB (MAAx), 2021 WL 4026760, at *5 (C.D. Cal. Sept. 2, 2021)
24  (denying motion to remand) (quoting *Fisher v.  HNTB Corp.*, No. 2:18-cv-08173-
25  AB-MRW, 2018 WL 6323077, at *5 n.7 (C.D. Cal. Dec. 3, 2018)).

26       15.    When Plaintiff's employment ended on or about June 25, 2021, he was
27  earning $20.40 per hour.  Robertazzi Decl., ¶¶ 4, 15.  In his thirteenth cause of
28  action, Plaintiff seeks back pay.  Compl., ¶ 14.  If Plaintiff were to recover lost back

- 5 -

NOTICE OF REMOVAL

wages from June 25, 2021 to the present, which is approximately 51 weeks, those wages alone would total approximately **$41,636.40** (*i.e.*, $20.40/hour x 40 hours/week x 51 weeks.)

16.    In his thirteenth cause of action, Plaintiff seeks lost future wages. Compl., ¶ 14. "When the date of trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate." *Baghdasarian*, 2021 WL 4026760, at *5; *accord Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("If a plaintiff claims at the time of removal that her termination caused her to lose future wages . . . then there is no question that future wages are 'at stake' in the litigation."). If this action were to proceed to trial in June 2023 – just one year from this Notice of Removal – and Plaintiff remained unemployed during that period, Plaintiff could seek an additional 52 weeks of lost wages. Thus, the value of Plaintiff's future wages through trial would be **$42,452.80**. ($20.41/hour x 40 hours/week x 52 weeks.) Such damages do not even account for lost employment-related benefits referenced in the Complaint, or for his claims for unpaid wages or meal and rest period premiums.

### 2.    Waiting Time Penalties.

17.    In his fifth cause of action, Plaintiff has sought 30 days of pay based on his claim that he was not paid all wages due to him on his last day of employment, in violation of Labor Code sections 202 and 203. Compl., ¶¶ 55–62. The potential recovery on that claim is **$4,898.40**. ($20.41/hour x 8 hours/day x 30 days.)

### 3.    Labor Code § 1102.5 Penalties.

18.    In his thirteenth cause of action, Plaintiff seeks at least **$10,000** in penalties under Labor Code section 1102.5. Compl., ¶ 110.

- 6 -

NOTICE OF REMOVAL

1     **4.    Labor Code § 1198.5 Penalties.**

2          19.    In his fifteenth cause of action, Plaintiff seeks **$750** in penalties for the

3    alleged failure to provide his personnel file, in violation of Labor Code section

4    1198.5.  Compl., ¶ 126.

5          **5.    Labor Code § 226 Penalties.**

6          20.    In his sixteenth cause of action, Plaintiff seeks **$750** in penalties for

7    the alleged failure to provide pay records, in violation of Labor Code section 226.

8    Compl., ¶ 130.

9          **6.    Emotional Distress Damages.**

10         21.    In his thirteenth cause of action, Plaintiff seeks damages for his alleged

11   "mental pain and anguish and emotional distress."  Compl., ¶ 113.  Plaintiffs

12   alleging emotional distress as a result of wrongful termination regularly seek in

13   excess of $75,000.00 in such damages.  *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th

14   893, 895 (1998) (California Court of Appeal upheld jury award in excess of

15   $75,000.00 for emotional distress damages); *Satrap v. Pacific Gas & Elec. Co.*, 42

16   Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic

17   damages was upheld).

18         22.    In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) the

19   Ninth Circuit affirmed the district court's conclusion that the case was properly

20   removed to federal court where "emotional distress damages would add at least an

21   additional $25,000" to the value of the plaintiff's discrimination claim, where she

22   had only $55,000 in lost wages.  Therefore, it is reasonable to conclude that

23   Plaintiff's claims for emotional distress could add at least **$25,000** to the amount in

24   controversy here.

25         **7.    Punitive Damages And Attorney's Fees.**

26         23.    Plaintiff also seeks punitive damages and attorneys' fees in his

27   Complaint.  Compl., Prayer.  Such damages and attorneys' fees are included in

28   determining the jurisdictional amount.  *Bell v. Preferred Life Assur. Soc. of*

- 7 -

NOTICE OF REMOVAL

*Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).

24.     District courts within the Ninth Circuit have deemed a 1:1 ratio of punitive damages to damages for lost or unpaid wages and benefits as "conservative" for purposes of assessing the amount in controversy. *See, e.g.*, *Molina v. Target Corp.*, No. CV 18-03181-RSWL-FFM, 2018 WL 3935347, at *4 (C.D. Cal. Aug. 14, 2018); *Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678-PSG (GJSx), 2019 WL 343991, at *6 (C.D. Cal. July 31, 2019).  Thus, without conceding that an award of punitive damages would be warranted in this case, a 1:1 ratio of punitive damages to damages for lost wages through trial would add another **$84,089.20** to the amount in controversy.

25.     The Complaint also includes claims for attorneys' fees.  Compl., ¶¶ 28, 52, 54, 61, 108, 104, 114.  Indeed, the vast majority of Plaintiff's claims arise under the California Labor Code – specifically under statutes that permit the prevailing party to recover attorneys' fees.  *Id.*; Cal. Lab. Code §§ 218.5(a), 226(e)(1), 1102.5(j), 1194(a), 2699(g)(1); 2802(c).  As such, the "court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *accord Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").  Moreover, the estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal.  *Simmons*, at 1035.

26.     "Employment claims have been found to require substantial effort from counsel."  *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal. May 30, 3014) (internal quotations omitted).  Courts have held that $300 is a reasonable hourly rate for attorneys

- 8 -
NOTICE OF REMOVAL

working on employment cases. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). "Recent estimates for the number of hours expended through trial for employment cases in [an employment disability discrimination case alleging wrongful termination] have ranged from 100 to 300 hours." *Id.* Accordingly, attorneys' fees in employment matters "may reasonably be expected to equal at least $30,000 (100 hours x $300 hourly rate)." *Id.* Therefore, a conservative estimate of attorneys' fees using a $300 hourly rate, would add **$30,000** more to the amount in controversy.

27.    Including all of the relief Plaintiff seeks, the amount in controversy in this case exceeds $75,000. *James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 WL 1589543, at *1–2 (E.D. Cal. June 1, 2007) (it was apparent that plaintiff's pregnancy discrimination claim under FEHA met the requisite amount in controversy where damages sought included back pay, emotional distress damages, punitive damages, and attorney's fees); *Yong v. Hyatt Regency Sacramento*, No. Civ. 06-2257 DFL EFB, 2007 WL 471008, at *1 (E.D. Cal. Feb. 9, 2007) ("[a]lthough the amount in controversy is not facially apparent, it is clear from the nature of Yong's claims for compensatory damages, emotional distress damages, punitive damages, and attorneys' fees that the action seeks relief well above the amount in controversy requirement.").

28.    As such, the $75,000 threshold of 28 U.S.C. § 1332(a) is satisfied and this action is removable under 28 U.S.C. §§ 1332 and 1441.

## III.    <u>VENUE</u>

29.    Plaintiff originally filed this action in the Superior Court of the State of California, County of Los Angeles. The County of Los Angeles lies within the jurisdiction of the United States District Court, Central District.

30.    Therefore, venue lies in the Central District of this Court pursuant to 28 U.S.C. §§ 84(c), 1441(a) and 1446(a). This Court is the United States District

NOTICE OF REMOVAL

FIRM:56372239v1

Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

## IV.    <u>TIMELINESS OF REMOVAL</u>

31.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of personal service of the Summons and Complaint on Defendant, and within one (1) year of the commencement of this action.

32.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required under 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: June 21, 2022                    EPSTEIN BECKER & GREEN, P.C.

By:    */s/ Michael S. Kun*
        Michael S. Kun
        Kevin D. Sullivan

        Attorneys for Defendant
        AVALONBAY COMMUNITIES, INC.

- 10 -
NOTICE OF REMOVAL